86 F.3d 1155
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry G. EAVES, Plaintiff-Appellant,
v.
Marvin T. RUNYON, in his official capacity as Postmaster
General, Defendant-Appellee.
 No. 95-6062.
 United States Court of Appeals, Sixth Circuit.
 May 23, 1996.
 
 1
 Before: BOGGS and MOORE, Circuit Judges; HILLMAN, District Judge.*
 
 ORDER
 
 2
 Larry G. Eaves appeals the summary judgment dismissal of his civil complaint filed pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, et seq.) and the Age Discrimination in Employment Act (ADEA) (29 U.S.C. § 621, et seq.). The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Eaves is a twenty-six year employee of the United States Postal Service (USPS). He was employed by the USPS from October 22, 1966, until November 20, 1992. On August 7, 1992, in light of the reorganization and reduction in workforce, defendant Runyon, the Postmaster General, announced a nationwide reorganization of the USPS. As a result of the reorganization, many USPS positions, including Eaves's, were abolished. On August 17, 1992, in light of the reorganization and reduction in workforce, Runyon declared that there would be a special retirement option available to eligible employees. Eaves qualified for the retirement option because at the time of the announcement he had worked for USPS for more than twenty-five years.
 
 
 4
 On September 30, 1992, Runyon extended the retirement option deadline to November 20, 1992, so that employees that were eligible for that program could better assess their situations and thus make more informed decisions regarding whether to retire. The gravamen of Eaves's complaint is that he was "forced" to take the retirement option because no one at the USPS would provide him with information regarding what position he would be assigned to if he decided not to retire. Eaves claimed that this adverse employment action constitutes sex (reverse discrimination claim) and age discrimination because similarly situated women and younger persons were provided with the information necessary to make informed decisions about their employment before the November 20, 1992, deadline.
 
 
 5
 Upon review of the defendant's motion for summary judgment, and Eaves's response, the district court granted summary judgment in favor of the defendant and dismissed the complaint. This timely appeal followed.
 
 
 6
 Upon review, we conclude that the district court properly granted summary judgment to the defendant. See Fed.R.Civ.P. 56(c); City Mgmt. Corp. v. U.S. Chem. Co., 43 F.3d 244, 250 (6th Cir.1994). Eaves is not entitled to relief on his age discrimination claim because he failed to establish a prima facie case of age discrimination. See Mitchell v. Toledo Hosp., 964 F.2d 577, 582-83 (6th Cir.1992). The record is devoid of any direct references to age discrimination. No reasonable trier of fact could find for Eaves on his age discrimination claim because Eaves has not submitted any evidence at all of age discrimination.
 
 
 7
 Eaves is not entitled to relief on his reverse discrimination claim because he has not established a prima facie case. He has not proffered any evidence of animus toward males at the USPS. The only evidence of discriminatory activity within the USPS that Eaves mentioned is the August 1, 1994, Newsbreak issued by defendant Runyon for all USPS employees. However, as pointed out by the district court, the statement that the USPS's restructuring process was designed to protect historically vulnerable people is insufficient to demonstrate that defendant Runyon is the type of "unusual employer who discriminates against the majority." See Jasany v. United States Postal Service, 755 F.2d 1244, 1252 (6th Cir.1985). Notwithstanding the news release, the record is devoid of any evidence that defendant Runyon bore any prejudicial animus against men.
 
 
 8
 Eaves also failed to establish a prima facie case of sex discrimination because he has not provided sufficient evidence of similarly situated persons that were treated more favorably than Eaves. See Murray v. Thistledown Racing Club, Inc., 770 F.2d 63, 67 (6th Cir.1985). Sixth Circuit precedent indicates that without a comparison of the Title VII plaintiff's treatment to similarly situated employees, it is difficult, if not impossible, to sustain a Title VII claim. See Shah v. General Elec. Co., 816 F.2d 264, 270 (6th Cir.1987) ("Absent proof that other employees were similarly situated, it is not possible to raise an inference of discrimination."). None of the comparables Eaves offered to support his sex discrimination claim was similarly situated to Eaves.
 
 
 9
 Accordingly, the district court's judgment is affirmed.
 
 
 
 *
 The Honorable Douglas W. Hillman, United States District Judge for the Western District of Michigan, sitting by designation